UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID ALTON HAMILTON,<br><br>        Plaintiff,<br>  v.<br><br>CAMDEN COUNTY<br>CORRECTIONAL FACILITY,<br><br>        Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-07555 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES

David Alton Hamilton, Plaintiff Pro Se
2028 Bryan Mawr Avenue
Haddon Heights, NJ 08035

**SIMANDLE, Chief District Judge:**

    1.   Plaintiff David Alton Hamilton seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Correctional Facility ("CCCF") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

    2.   28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is

1

subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. For the reasons set forth below, the Court will: (1) dismiss the Complaint with prejudice as to claims made against CCCF; and (2) dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4. First, the Complaint must be dismissed with prejudice as to claims made against CCCF because defendant is not a "state actor" within the meaning of § 1983. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983).

5. Second, for the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

6. The present Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Even accepting the statements in Plaintiff's Complaint as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

7.   To survive *sua sponte* screening for failure to state a claim[1], the Complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

8. With respect to the alleged facts giving rise to Plaintiff's claims, the Complaint states: "Slept on floor next to toilet; caught mrsa in there." He contends that he suffered "PTSD" and sustained "nerve damage" from handcuffs after an alleged incident with correctional officers while incarcerated. Complaint §§ III(C), IV.

9. The Complaint contends that these events occurred: "1997, 1999, 2003, 2006, 2010, 2013, 2016." *Id.* § III(B).

10. Plaintiff seeks "as much as I'm entitled" in relief. *Id.* § V.

11. Construing the Complaint as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding in relation to Plaintiff sleeping "on floor next to toilet" (Complaint § III(C)), any such purported claims must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred.

12. The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man,

4

one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, any other relevant facts regarding the conditions of confinement, etc.

     13.  Furthermore, although not specified in the Complaint, this Court construes Plaintiff's contentions regarding "nerve damage," being "sprayed w/ mase [*sic*]," and being "handcuffed so tightly my hands swelled up" (Complaint §§ III(C), IV) as allegations by Plaintiff that he suffered physical abuse amounting to a violation of his constitutional rights. The only specific conduct of which Plaintiff complains is that he was "handcuffed so tightly" and "sprayed w/ mase [*sic*]" (*id.*), but

5

the circumstances surrounding the incident(s) as well as what transpired thereafter are left to speculation.

Plaintiff has not asserted facts sufficient to allege a violation of the Eighth Amendment. "The Eighth Amendment prohibits conditions which involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 346, 347 (1981) (quoting *Trop v. Dulles,* 356 U.S. 86, 101 (1956)). To state a claim under the Eighth Amendment based on the use of excessive force, a plaintiff must show that "officials applied force maliciously and sadistically for the very purpose of causing harm or that officials used force with a knowing willingness that harm would occur." *Farmer v. Brennan,* 511 U.S. 825, 835-36 (1994).

Thus, to state a claim under the Eighth Amendment, an inmate must satisfy both an objective element and a subjective element. *Farmer,* 511 U.S. at 834. The objective element questions whether the deprivation of a basic human need is sufficiently serious. The subjective component asks whether the officials acted with a sufficiently culpable state of mind. *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). Where the claim is one of excessive use of force, the core judicial inquiry as to the subjective component "is thus whether force was applied in a good-faith effort to maintain or restore discipline, or

maliciously and sadistically to cause harm." *Ingalls v. Florio*, 968 F. Supp. 193, 199 (D.N.J. 1997) (citing *Hudson v. McMcMillan*, 503 U.S. 1, 7 (1992)); *Whitley v. Albers,* 475 U.S. 312, 320-21 (1986). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Hudson*, 503 U.S. at 9-10.

14. Here, Plaintiff's allegations of supposedly tight handcuffs and purported use of mace (Complaint §§ III(C), IV) are insufficient to suggest that correctional officers exhibited malicious and sadistic conduct intended to cause pain. Such vague and conclusory allegations that Plaintiff has "nerve damage" and "PTSD" (which may or may not have been related to the alleged events or to a good-faith effort to maintain and restore discipline) fall short of providing the fair notice to which defendants are entitled so that they may properly defend against claims. Accordingly, Plaintiff's claims of constitutional violations in connection with allegations of excessive force must be dismissed.

15. Plaintiff may be able to amend the Complaint to particularly identify adverse conditions that were caused by specific state actors, that caused Plaintiff to endure genuine privations and hardship over an extended period of time, and that were excessive in relation to their purposes. To that end,

7

the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.[2]

16. Plaintiff is further advised that any amended complaint must plead specific facts regarding the conditions of confinement. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.[3]

17. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane,

---

[2] The amended complaint shall be subject to screening prior to service.

[3] To the extent the Complaint seeks relief for conditions Plaintiff encountered prior to October 19, 2014, those claims are barred by the statute of limitations. Claims brought under § 1983 are governed by New Jersey's two-year limitations period for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). The allegedly unconstitutional conditions of confinement would have been immediately apparent to Plaintiff; therefore, the statute of limitations on some of Plaintiff's claims expired two years after release from incarceration. In the event Plaintiff elects to file an amended complaint, it should be limited to confinements in which Plaintiff was released after October 19, 2014.

Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

18.  For the reasons stated above, the Complaint is: (a) dismissed with prejudice as to the CCCF; and (b) dismissed without prejudice for failure to state a claim.

19.  An appropriate order follows.


**February 27, 2017**                              **s/ Jerome B. Simandle**
Date                                               JEROME B. SIMANDLE
                                                   Chief U.S. District Judge